# EXHIBIT A

**THE CHARLAND LAW FIRM, LLC**
202 E. Earll Drive, Suite 490
Phoenix, AZ 85012
602-944-7499
Litigation@CharlandLawFirm.com

Name and State Bar No.: John E. Charland, Esq. #012089

Attorneys for Plaintiffs USAA CASUALTY
INSURANCE COMPANY as Subrogee of
PATRICK MALEY

## SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY as Subrogee of PATRICK MALEY, | CASE NO. CV2022-010429 |
| | **COMPLAINT FOR DAMAGES:** |
| Plaintiff, | **1. STRICT PRODUCTS LIABILITY - MANUFACTURING DEFECT;** |
| vs. | **2. STRICT PRODUCTS LIABILITY - DESIGN DEFECT;** |
| NUVO RESIDENTIAL, LLC DBA NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC., and DOES 1 to 20, inclusive, | **3. STRICT PRODUCTS LIABILITY - FAILURE TO WARN;** |
| Defendants. | **4. NEGLIGENCE;** |
| | **5. BREACH OF EXPRESS WARRANTY; AND** |
| | **6. BREACH OF IMPLIED WARRANTY** |

**COMES NOW** Plaintiff USAA CASUALTY INSURANCE COMPANY (hereafter "Plaintiff"), by and through its undersigned counsel of record, hereby complains against DEFENDANTS NUVO RESIDENTIAL, LLC DBA NUVOH2O; HYDRO SYSTEMS INTERNATIONAL, INC.; and DOES 1 to 20, collectively referred to as ("DEFENDANTS") alleges upon information and belief as follows:

///

## I.

## PARTIES AND JURISDICTION

1.      Plaintiff, USAA CASUALTY INSURANCE COMPANY ("PLAINTIFF"), is a reciprocal inter-insurance exchange, fully licensed to do business as an insurance carrier in the State of California.

2.      At all times relevant hereto, PLAINTIFF'S insured, PATRICK MALEY (the "INSURED") owned and occupied a residential home located at 9635 N. Rock Ridge Trail, Fountain Hills, Arizona 85268, (hereinafter the "PROPERTY").

3.      PLAINTIFF is informed and believes, and on that basis alleges that the defendant, NUVO RESIDENTIAL, LLC DBA NUVOH2O ("NUVO"), is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business at Freeport Industrial Park, Building Z-13 Unit 15, Clearfield, Utah 84015.  NUVO is in the business of designing, manufacturing, assembling, merchandising, marketing, selling and/or distributing water filtering systems.

4.      PLAINTIFF is informed and believes, and on that basis alleges that the defendant, HYDRO SYSTEMS INTERNATIONAL, INC. ("HYDRO"), is a Connecticut corporation with a principal place of business located at C/O Grassi & Co. 488 Madison Avenue, 21St. Floor, New York, New York 10022.  HYDRO is a corporation engaged in the business of designing, manufacturing, assembling, merchandising, marketing, selling and/or distributing water filtering systems.

5.      PLAINTIFF is informed and believes, and on that basis alleges that DEFENDANTS and Does 1 through 20, inclusive, and each of them, were engaged in the business, among other areas, of the design, manufacture, assembling, merchandising, marketing, distributing, sale, installation and/or maintenance of water filtering systems and their component parts, and conducts such activities within the State of Arizona.

6.      At all relevant times alleged in this Complaint, and based upon information and belief, DEFENDANTS did and/or are doing business as a designer, manufacturer, assembler, marketer, seller, installer or maintainer, and distributor of consumer products throughout the United

1  States, including the State of Arizona, including but not limited to residential water filtering systems

2  and their component parts, including the residential water filtering system sold and installed at the

3  Subject PROPERTY which is the subject of this Complaint.

4        7.    The true names or capacities, whether individual, corporate, governmental, or

5  associate, or the involvement of any of the DEFENDANTS named herein as DOE are all unknown

6  to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF

7  prays for leave to amend this Complaint to show their true names, capacities, and involvement when

8  the same have been finally determined.  PLAINTIFF is informed and believes, and thereon alleges,

9  that each of the DEFENDANTS designated herein as DOE is negligently or otherwise legally

10  responsible in some manner for the events and happenings herein referred to, and negligently or

11  otherwise caused injury and damages to PLAINTIFF, as is hereinafter alleged.

12        8.    At all times mentioned herein, each and every one of the DEFENDANTS was the

13  agent, servant, and employee, each of the other, and each was acting within the course and scope of

14  his agency, service and employment.

15        9.    This action is properly heard in this Court, as the amount in controversy exceeds

16  $25,000.

17        10.    This Court has subject matter jurisdiction in this matter in that the injury occurred in

18  this district.

19        11.    Venue in the Superior Court of Arizona, County of Maricopa is proper as it is where

20  the incident and injury to real and personal property occurred.

21                **II.**

22                **FACTS**

23        12.    PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

24        13.    At all times relevant hereto, and prior to August 21, 2020, PLAINTIFF issued a

25  policy of insurance to its INSURED.  Said policy covered the PROPERTY, including its structure,

26  contents, and insured against other losses, and was in effect on August 21, 2020.

27        14.    At all times material hereto, DEFENDANTS knew and intended that its products

28  would be used by members of the general public and knew of the specific uses, purposes and

1   requirements for which said goods would be utilized.

2        15.    On or about August 21, 2020, the PROPERTY was damaged when a water filtering

3   system designed, manufactured, assembled, merchandised, marketed, distributed, sold, installed and

4   maintained by DEFENDANTS failed, causing substantial water damage to the PROPERTY (the

5   "INCIDENT"). The failure of the water filtering system occurred due to a crack in the plastic cap

6   located in the housing of the filter system, which was designed, manufactured, assembled,

7   merchandised, marketed, distributed, installed, maintained and/or sold by DEFENDANTS.

8        16.    The INCIDENT caused significant damage to the PROPERTY and personal property

9   of the INSURED.

10        17.    The water filtering system that failed, a HYDRO brand water filtering system, was

11   designed, manufactured, assembled, merchandised, marketed, distributed, installed, maintained

12   and/or sold by DEFENDANTS (the "PRODUCT").

13        18.    As a direct and proximate result of DEFENDANTS' acts and omissions, the

14   PRODUCT failed and caused significant damage to PLAINTIFF'S INSURED.

15        19.    The INCIDENT resulted in significant damage to the residence, its contents,

16   including but not limited to the PROPERTY. PLAINTIFF and the INSURED sustained other losses,

17   including emergency expenses associated with clean-up, demolition, and other payments pursuant

18   to the provisions of the policy.

19        20.    As a direct and proximate result of the foregoing, and pursuant to the terms and

20   conditions of the policy of insurance issued to its insured, PLAINTIFF made payments in the

21   amount of at least $344,223.20, representing the fair and reasonable value of the damage as a result

22   of the INCIDENT, and seeks recovery of same by virtue of this action.

23        21.    By virtue of the aforesaid payments and pursuant to the terms of the insurance policy,

24   PLAINTIFF is legally, equitably, and contractually subrogated to the rights of its INSURED to the

25   extent of such payments.

26

27

28

4

**III.**

**FIRST CAUSE OF ACTION**
**(STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT)**
**Against DOES 1-20, inclusive.**

22.    PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

23.    DEFENDANTS, NUVO RESIDENTIAL, LLC DBA NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive, and each of them, manufactured, designed, assembled, distributed, and/or sold the PRODUCT.

24.    The PRODUCT was defectively designed and/or manufactured such that its component parts did not sufficiently prevent circumferential cracking from occurring within the PRODUCT.

25.    The PRODUCT was defectively designed and/or manufactured such that the PRODUCT as built, was unable to function as it was designed to function as a water filtration system, causing PRODUCT materials to give way to cracking which led to water leakage.

26.    The foreseeable risk of injury related to the as built condition of the PRODUCT exceeded the benefits associated with that design.

27.    The PRODUCT was defective and unsafe for its intended or reasonably foreseeable use by reason of the defects in its manufacture.

28.    The PRODUCT was designed, manufactured and distributed without appropriate application of safety devices to protect against defects.

29.    Said defects exposed the users of the PRODUCT to serious injury and damages because the DEFENDANTS, and each of them, failed to take reasonable steps to guard and protect the users of the PRODUCT from the aforementioned defects.

30.    PLAINTIFF'S INSURED was not aware of said defects at any time prior to the injuries caused by the PRODUCT.

31.    At the time of the failure, the PRODUCT was being used in the manner intended by the DEFENDANTS, and in a manner that was reasonably foreseeable by the DEFENDANTS as involving a risk of harm that was not readily apparent to its users.

32.    As a proximate result of the said defects of the PRODUCT, PLAINTIFF'S

1  INSURED sustained damages to the PROPERTY and their personal property.

2      33.    As a result of the foregoing, and pursuant to the policy of insurance with its insured,

3  PLAINTIFF was required and did make payments to INSURED and are now subrogated to the

4  rights of INSURED to this extent against DEFENDANTS.

5                                              IV.

6                              **SECOND CAUSE OF ACTION**
                        **(STRICT PRODUCTS LIABILITY – DESIGN DEFECT)**
7                              **Against DOES 1-20, inclusive.**

8      34.    PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

9      35.    DEFENDANTS, NUVO RESIDENTIAL, LLC DBA NUVOH2O, HYDRO

10  SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive, and each of them,

11  manufactured, designed, assembled, distributed, and/or sold the PRODUCT.

12     36.    The PRODUCT was defectively designed and/or manufactured such that its

13  component parts intended to be included in the water filtrating system were insufficient to prevent

14  failure from occurring within the PRODUCT.

15     37.    The PRODUCT was defectively designed and/or manufactured such that the design

16  of the PRODUCT allowed a crack to occur in the plastic cap located in the housing of the filter

17  system resulting in the escape of water and subsequent flooding.

18     38.    The foreseeable risks of injury associated with the PRODUCT's design exceeded the

19  benefits associated with that design.

20     39.    The PRODUCT was defective and unsafe for its intended or reasonably foreseeable

21  use by reason of the defects in its design.

22     40.    The PRODUCT was designed, manufactured, and distributed without the inclusion

23  of appropriate devices to protect against a failure occurring in the plastic cap located in the housing

24  of the filter system resulting in the escape of water and subsequent flooding.

25     41.    DEFENDANTS and DOES 1 through 20, inclusive, and each of them, failed to

26  design the PRODUCT to protect against a reasonably foreseeable risk of injury.

27     42.    Said defects exposed the users of said product to injury and damages because of the

28  failure of DEFENDANTS, and each of them, to properly include devices that would have guarded

                                              6

1   and protected the users of the PRODUCT from foreseeable risk of harm.

2      43.   PLAINTIFF'S INSURED was not aware of said defects at any time prior to the

3   injuries caused by the PRODUCT.

4      44.   At the time of the failure, the PRODUCT was being used in the manner intended by

5   the DEFENDANTS, and in a manner that was reasonably foreseeable by the DEFENDANTS as

6   involving a risk of harm that was not readily apparent to its users.

7      45.   As a proximate result of the said defects of the PRODUCT, PLAINTIFF'S

8   INSURED sustained damages to the PROPERTY and their personal property.

9      46.   As a result of the foregoing, and pursuant to the policy of insurance with its

10  insureds, PLAINTIFF was required and did make payments to INSURED and are now subrogated

11  to the rights of INSUREDS to this extent against DEFENDANTS.

12                                          **V.**

13                              **THIRD CAUSE OF ACTION**
                **(STRICT PRODUCTS LIABILITY – FAILURE TO WARN)**
14                          **Against DOES 1-20, inclusive.**

15     47.   PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

16     48.   DEFENDANTS, NUVO RESIDENTIAL, LLC DBA NUVOH2O, HYDRO

17  SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive, and each of them,

18  manufactured, designed, assembled, distributed, and/or sold the PRODUCT.

19     49.   DEFENDANTS and DOES 1 through 20, inclusive, and each of them, knew that the

20  PRODUCT would be purchased and used without inspection for defects.

21     50.   The PRODUCT was defective when it left DEFENDANTS' control.

22     51.   The PRODUCT contained inadequate warnings concerning its propensity to cause

23  the escape of water and subsequent flooding during its normal and intended use.

24     52.   DEFENDANTS knew, or in the exercise of ordinary care, should have known about

25  the risks associated with the PRODUCT but failed to provide adequate pre-marketing and post-

26  marketing warnings regarding these risks associated with the PRODUCT's use.

27     53.   At the time of the PRODUCT's design, manufacture, and sale, and continuing up to

28  the time of the INCIDENT, the DEFENDANTS knew or should have known that the PRODUCT

                                            7

1  created a risk of injury if it was used in an intended or reasonably foreseeable manner.

2        54.     DEFENDANTS and DOES 1 through 20, inclusive, and each of them, knew that

3  these risks were not readily recognizable to an ordinary consumer.

4        55.     DEFENDANTS and DOES 1 through 20, inclusive, and each of them, failed to

5  provide adequate warnings, instructions, guidelines or admonitions to members of the consuming

6  public, including PLAINTIFF'S INSURED, of the risks, which the DEFENDANTS knew, or in the

7  exercise of reasonable care should have known, to have existed in the PRODUCT.

8        56.     As a proximate result of DEFENDANTS' failure to warn INSURED, PLAINTIFF'S

9  INSURED sustained damages to the PROPERTY and their personal property.

10       57.     As a result of the foregoing, and pursuant to the policy of insurance with its insureds,

11 PLAINTIFF was required and did make payments to INSURED and are now subrogated to the

12 rights of INSURED to this extent against DEFENDANTS.

13 **VI.**

14 **FOURTH CAUSE OF ACTION**
**(NEGLIGENCE)**
15 **Against DOES 1-20, inclusive.**

16       58.     PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

17       59.     At all times herein mentioned, DEFENDANTS, NUVO RESIDENTIAL, LLC DBA

18 NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive,

19 and each of them, had a duty to use reasonable care in the manufacture, development, design,

20 process, production, assembly, building, testing, inspection, warning, equipping, endorsing,

21 exporting, importing, wholesale, retail, installation, maintenance, and sale of said PRODUCT.

22       60.     At all times herein mentioned, DEFENDANTS and DOES 1 through 20, inclusive,

23 and each of them, breached such duty by, among other things, negligently carelessly, and recklessly

24 manufacturing, developing, designing, processing, producing, assembling, building, testing,

25 inspecting, warning, equipping, endorsing, exporting, importing, wholesaling, retailing, installing,

26 maintaining and selling the subject PRODUCT.

27       61.     As a result of that breach PLAINTIFF'S INSUREDS suffered injuries and damages

28 as hereinafter described.  DEFENDANTS and DOES 1 through 20, inclusive, and each of them,

8

1 acted unreasonably in manufacturing, developing, designing, processing, producing, assembling,

2 building, testing, inspecting, warning, equipping, endorsing, exporting, importing, wholesaling,

3 installation, maintenance, selling and marketing the PRODUCT which presented a substantial and

4 unreasonable risk of injury.

5       62.    The negligence of DEFENDANTS and DOES 1 through 20, inclusive, and each of

6 them, was a substantial factor and proximate cause resulting in the injuries herein alleged and

7 PLAINTIFF'S damages.

8 **VII.**

9 **FIFTH CAUSE OF ACTION**<br>**(BREACH OF EXPRESS WARRANTY)**

10 **Against DOES 1-20, inclusive.**

11       63.    PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

12       64.    At all times herein mentioned, DEFENDANTS, NUVO RESIDENTIAL, LLC DBA

13 NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive,

14 and each of them, manufactured, designed, assembled, built, tested, inspected, or sold, said

15 PRODUCT for use by PLAINTIFF'S INSURED.

16       65.    PLAINTIFF is informed and believes, and based upon such information and belief

17 alleges, that at the time and place of sale, said DEFENDANTS expressly warranted to the consumer

18 that said PRODUCT was reasonably fit and safe for its intended purposes, and was accordingly of

19 merchantable quality throughout.

20       66.    Said PRODUCT was not reasonably fit and safe for its intended use by

21 PLAINTIFF'S INSURED, and was not merchantable quality, and was not as specified.

22       67.    Said PRODUCT, as built, did not possess component parts sufficient to prevent the

23 PRODUCT from failing causing water to escape and subsequent flooding.

24       68.    Said PRODUCT, was the result of a design that failed to account for the foreseeable

25 risk of harm.

26       69.    As a result of said breaches of warranty, PLAINTIFF'S INSURED suffered damage

27 to the PROPERTY and personal property.

28

1

**VIII.**

2

**SIXTH CAUSE OF ACTION**
**(BREACH OF IMPLIED WARRANTY)**
**Against DOES 1-20, inclusive.**

3

4    70.    PLAINTIFF realleges all preceding paragraphs as though fully set forth herein.

5    71.    At all times herein mentioned, DEFENDANTS, NUVO RESIDENTIAL, LLC DBA

6    NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC; and DOES 1 through 20, inclusive,

7    and each of them, manufactured, designed, assembled, built, tested, installed, maintained, inspected,

8    or sold, said PRODUCT for use by PLAINTIFF'S INSURED.

9    72.    PLAINTIFF is informed and believes, and based upon such information and belief

10    alleges, that at the time and place of sale, said DEFENDANTS implied and warranted to the

11    consumer, through such sale, that said PRODUCT was reasonably fit and safe for its intended

12    purposes, and was accordingly of merchantable quality throughout.

13    73.    Said PRODUCT was not reasonably fit and safe for its intended use by

14    PLAINTIFF'S INSURED, was not of merchantable quality, and was not as specified.

15    74.    Said PRODUCT, as built, did not possess component parts sufficient to prevent the

16    PRODUCT from failing causing water to escape and subsequent flooding.

17    75.    Said PRODUCT, was the result of a design that failed to account for the foreseeable

18    risk of harm.

19    76.    As a result of said breaches of warranty, PLAINTIFF'S INSURED suffered damage

20    to the PROPERTY and personal property.

21

**IX.**

22

**PRAYER FOR RELIEF**

23    WHEREFORE PLAINTIFF prays for judgment against DEFENDANTS, and each of them,

24    as to each cause of action as follows:

25    (a)    For general and compensatory damages according to proof;

26    (b)    For prejudgment interest according to proof;

27    (c)    For its costs and disbursements incurred herein, including fees as allowed by

28    law; and

10

1        (d)     For such other and further relief as to the Court may deem just and proper.

2

3

4  DATED:  August _10th_, 2022        CHARLAND LAW FIRM, LLC

5

6                         By:

7                            John E. Charland

8                            Attorneys for Plaintiff
                                202 E. Earll Drive, Suite 490

9                            Phoenix, AZ 85012
                                602-944-7499

10                         USAA CASUALTY INSURANCE COMPANY

11                         as Subrogee of PATRICK MALEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/10/2022 1:03:08 PM
Filing ID 14680298

Person/Attorney Filing: John E Charland
Mailing Address: 202 East Earll Drive Suite 490
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)944-7499
E-Mail Address: litigation@CharlandLawFirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012089, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Patrick Maley, et al.<br>Plaintiff(s),<br>v.<br>Nuvo Residential, LLC DBA NuvoH2O,<br>et al.<br>Defendant(s). | Case No.  **CV2022-010429**<br><br>**SUMMONS** |

To: Hydro Systems International, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *August 10, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #70870080

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/10/2022 1:03:08 PM
Filing ID 14680297

Person/Attorney Filing: John E Charland
Mailing Address: 202 East Earll Drive Suite 490
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)944-7499
E-Mail Address: litigation@CharlandLawFirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012089, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Patrick Maley, et al.
Plaintiff(s),
v.
Nuvo Residential, LLC DBA NuvoH2O, et al.
Defendant(s).

Case No.  **CV2022-010429**

**SUMMONS**

To: Nuvo Residential, LLC DBA NuvoH2O

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *August 10, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7087080

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
8/10/2022 1:03:08 PM
Filing ID 14680296

Person/Attorney Filing: John E Charland
Mailing Address: 202 East Earll Drive Suite 490
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)944-7499
E-Mail Address: litigation@CharlandLawFirm.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 012089, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Patrick Maley, et al.<br>Plaintiff(s),<br>v.<br>Nuvo Residential, LLC DBA NuvoH2O,<br>et al.<br>Defendant(s). | Case No. **CV2022-010429**<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: John E Charland /s/
Plaintiff/Attorney for Plaintiff

# EXHIBIT C

1

2

**Quarles & Brady LLP**
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
TELEPHONE 602.229.5200

3

4   Benjamin C. Nielsen (029689)
    Benjamin.nielsen@quarles.com

5   Cale S. Johnson (035557)
    Cale.johnson@quarles.com

6   Attorneys for Defendant Hydro Systems
    International, Inc.

7

8                    IN THE UNITED STATES DISTRICT COURT

9                        FOR THE DISTRICT OF ARIZONA

10

11  | USAA Casualty Insurance Company as | NO. |
    Subrogee of Patrick Maley,

12              Plaintiff,                 **VERIFICATION OF CALE
                                           JOHNSON IN SUPPORT OF
13       vs.                               DEFENDANT'S NOTICE OF
                                           REMOVAL OF CIVIL ACTION**
14  Nuvo Residential, LLC dba NuvoH2O,
    Hydro Systems International, Inc., and (formerly Maricopa County Superior
15  Does I to 20, inclusive,               Court Case No. CV2022-010429)

16              Defendants.

17

18       **CALE S. JOHNSON** hereby declares as follows:

19       1.      My name is Cale S. Johnson.  I am an attorney in the law firm of Quarles &

20  Brady LLP. I am counsel of record for Defendant Hydro Systems International, Inc.

21  (hereinafter, "Defendant") in the above-captioned action.  This Declaration is offered in

22  support of Defendant's Notice of Removal of Action and is based on my personal

23  knowledge.

24       2.      In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Defendant has

25  filed a true and complete copy of all pleadings and other documents that were previously

26  filed with the Maricopa County Superior Court, contemporaneously with the filing of

27  Defendants' Notice of Removal of Action.

28

QB\175572.00006\75664921.1

1  I declare under the penalty of perjury that the foregoing is true and correct.

2  DATED this 7th day of September, 2022.

3

4  By _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# EXHIBIT D

1
2
3
4
5
6
7

Quarles & Brady LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ  85004
Telephone 602.229.5200

Benjamin C. Nielsen (029689)
Benjamin.nielsen@quarles.com
Cale S. Johnson (035557)
Cale.johnson@quarles.com

Attorneys for Defendant Hydro Systems
International, Inc.

8          IN THE UNITED STATES DISTRICT COURT

9               FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| USAA Casualty Insurance Company as Subrogee of Patrick Maley,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Nuvo Residential, LLC dba NuvoH2O, Hydro Systems International, Inc., and Does I to 20, inclusive,<br><br>                    Defendants. | NO.<br><br>**DECLARATION OF CARLA WALTERS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>(formerly Maricopa County Superior Court Case No. CV2022-010429) |

18     **CARLA WALTERS**, hereby declares as follows:

19          My name is Carla Walters.  I am a paralegal in the law firm of Quarles & Brady

20   LLP.  This Declaration is offered in support of Defendants' Notice of Removal and is based

21   upon my personal knowledge and investigation.

22          1.     Attached hereto as **Exhibit 1** is the Arizona Department of Insurance and

23   Financial Institutions/NAIC State Based Systems search page showing that USAA Casualty

24   Insurance Company is domiciled in Texas.

25          2.     Attached hereto as **Exhibit 2** is a list from the Texas Department of Insurance

26   showing that USAA Casualty Insurance Company is domiciled in Texas.

27          3.     Exhibits 1 and 2, attached respectively hereto, are true and authentic copies

28

as found at:

- Exhibit 1 - https://difi.az.gov/license-search
- Exhibit 2 - https://appscenter.tdi.texas.gov/tdireports/p/externalReports

I declare under the penalty of perjury that the foregoing is true and correct.

DATED this 7th day of September, 2022.

Carla Walters

Exhibit 1

 

## National Association of Insurance Commissioners

## Arizona
*State Based Systems*

**Company Type:** Property & Casualty Insurer

## Demographics

**Company Name:** USAA CASUALTY INSURANCE COMPANY

**NAIC CoCode:** 25968  **Short Name:** USAA CASUA  **SBS Company Number:** 49208637

**State of Domicile:** Texas  **Country of Domicile:** United States  **Domicile Type:** Foreign

**NAIC Group Number:** 200 - UNITED SERV AUTOMOBILE ASSN GRP

**Organization Type:** STOCK CORPORATION  **Date of Incorporation:** 09/06/1968  **Merger Flag:** Yes

## DBA Name

No results found.

## Address

| Business Address | Mailing Address | Statutory Home Office Address | Main Administrative Office Address |
| --- | --- | --- | --- |
| 9800 Fredericksburg Road, External Reporting D03W San Antonio, TX 78288 United States | 9800 FREDERICKSBURG ROAD SAN ANTONIO, TX 78288 United States | 9800 FREDERICKSBURG ROAD SAN ANTONIO, TX 78288 United States | 9800 FREDERICKSBURG ROAD SAN ANTONIO, TX 78288 United States |

## Phone, Email, Website

**Phone**

| Type | Number |
| --- | --- |
| Main Admin Office Primary Phone | (210) 498-8000 |
| Statutory Home Office | (210) 498- |
| Other Phone | (210) 531-8722 |

**Email**

| Type | E-mail |
| --- | --- |
| Email | ExternalReporting@usaa.com |

**Website**

| Type | Website |
| --- | --- |
| Website | www.usaa.com |

## Company Type

**Company Type:** Property & Casualty Insurer

**Status:** Active  **Status Reason:**

**Effective Date:** 12/28/1990  **Legacy State ID:** 25968

**Status Date:** 12/04/2012  **Issue Date:** 12/28/1990  **Approval Date:** 12/28/1990

**Expiration Date:**  **Articles of Incorporation Received:** No  **Article No:**

**File Date:** 12/28/1990

**COA Number:**

## Line Of Business

© 2022 National Association of Insurance Commissioners. All rights reserved.

| Line of Business | Citation Type | Effective Date |
|---|---|---|
| Casualty Without Workers' Compensation | | 12/28/1990 |
| Marine And Transportation | | 12/28/1990 |
| Property | | 12/28/1990 |
| Vehicle | | 12/28/1990 |

## Contact

| Contact Type | Preferred Name | Name | E-mail | Phone | Address |
|---|---|---|---|---|---|
| MARKET CONDUCT ANNUAL STATEMENT CONTACT | | Edwin Taylor | **Business Email:** Edwin.Taylor@usaa.com | **Business Primary Phone:** (210) 498-5466 | Statutory Home Office Address 9800 Fredericksburg Road San Antonio, TX United States County 78288 |
| POLICYOWNER RELATIONS CONTACT AND ADDRESS | | Jeffrey Collignon | **Business Email:** jeffrey.collignon@usaa.com | **Business Primary Phone:** 210-913-7998 | Other 9800 Fredericksburg Road San Antonio, TX United States County 78288 |
| ELECTRONIC CONTACT PERSON AND ADDRESS | | Ann Eller | | **Business Primary Phone:** 210-531-8722 | Other 9800 Fredericksburg Road San Antonio, TX United States County 78288 |
| CURRENT FINANCIAL STATEMENT CONTACT | | Ann Eller | **Business Email:** ExternalReporting@usaa.com | **Business Fax Phone:** 210-498-2723 **Business Primary Phone:** 210-531-8722 | Other 9800 Fredericksburg Road San Antonio, TX United States County 78288 |
| STATUTORY AGENT | | Director of Insurance and Financial Institutions | | **Business Primary Phone:** (602) 364-3100 | Other Attention: Director As Statutory Agent Arizona Department of Insurance and Financial Institutions 100 N 15TH AVE STE 261 PHOENIX, AZ United States County 85007-2630 |
| GOVERNMENT RELATIONS CONTACT AND ADDRESS | | Robert Gilbert | **Business Email:** bo.gilbert@usaa.com | **Business Primary Phone:** 210-913-1812 | Other 9800 Fredericksburg Road San Antonio, TX United States County 78288 |
| MARKET CONDUCT CONTACT AND ADDRESS | | Christopher Hobert | **Business Email:** christopher.hobert@usaa.com | **Business Primary Phone:** 623-715-8406 | Other 9800 Fredericksburg Rd. San Antonio, TX United States County 78288 |

## Branch Offices

© 2022 National Association of Insurance Commissioners. All rights reserved.

## Company Merger

| SBS Company Number | NAIC CoCode | Non-Surviving Company | Non-Surviving Company Type | Terminated Appointments | Transferred Appointments | Merger Date | Comments |
|---|---|---|---|---|---|---|---|
| 49208637 | 25968 | USAA CASUALTY INSURANCE COMPANY | Property & Casualty Insurer | | | 12/28/1990 | USAA CASUALTY INS. CO. (TX) MERGED INTO USAA CASUA LTY INS. CO. OF FLORIDA (FL) TO REDOMESTICATE |

Companies Absorbed

| SBS Company Number | NAIC CoCode | Surviving Company | Terminated Appointments | Transferred Appointments | Merger Date | Comments |
|---|---|---|---|---|---|---|
| 49208637 | 25968 | USAA CASUALTY INSURANCE COMPANY | | | 12/28/1990 | USAA CASUALTY INS. CO. (TX) MERGED INTO USAA CASUA LTY INS. CO. OF FLORIDA (FL) TO REDOMESTICATE |

Absorbed By

## Name Change History

No results found.

© 2022 National Association of Insurance Commissioners. All rights reserved.

Exhibit 2





- **Origin**    Domestic

- **Structure**   Stockholder

- **Company type** Fire and Casualty

- **Assets**      13,984,986,047

- **Capital**     4,700,000

- **Net Surplus** 6,800,856,744

- **Life In Force**

- **Attorney In Fact**

- **Attorney For Service**

- **Attorney Address 1** CORPORATION SERVICE COMPANY

- **Attorney Address 2** 211 E 7TH ST STE 620

- **Attorney Address 3**

- **Attorney City** AUSTIN

- **Attorney State** TX

- **Attorney Zip** 78701-3218

- **Licensed Lines** Allied Coverages; Auto Physical Damage; Automobile Liability; Fire; Inland Marine; Liability Other than Auto; Ocean Marine

- **RC Type**    FC

Showing 1 to 1 of 1 entries (filtered from 2,311 total entries)    Previous   1   Next

Texas Department of Insurance
333 Guadalupe, Austin TX 78701 | P.O. Box 149104, Austin, TX 78714 | 512-676-6000 | 800-578-4677

Accessibility   |   Compact with Texans   |   Privacy / Security   |   Linking   |   Texas Homeland Security   |   Texas.gov   |   Texas Veterans Portal   |   TRAIL   |
To Report Fraud   |   State Auditor's Office Hotline: 1-800-TX-AUDIT   |   Texas State Spending   |   Viewers / PDF Reader

# EXHIBIT E

1

**Quarles & Brady** LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
TELEPHONE 602.229.5200

2

3

4  Benjamin C. Nielsen (029689)
Benjamin.nielsen@quarles.com
5  Cale S. Johnson (035557)
Cale.johnson@quarles.com

6  Attorneys for Defendant Hydro Systems
International, Inc.

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                 IN AND FOR THE COUNTY OF MARICOPA

10

11 | USAA CASUALTY INSURANCE          NO. CV2022-010429
   | COMPANY as Subrogee of Patrick Maley,
12 |                                  **DEFENDANT HYDRO SYSTEMS**
   |              Plaintiff,          **INTERNATIONAL, INC.'S NOTICE**
13 |                                  **OF REMOVAL**
   |     vs.
14 |                                  Assigned to the Hon. Jay Adelman
   | NUVO RESIDENTIAL, LLC dba
15 | NUVOH2O, HYDRO SYSTEMS
   | INTERNATIONAL, INC., and Does I to
16 | 20, inclusive,
17 |              Defendants.

18

19         **PLEASE TAKE NOTICE** that on September 7, 2022, Defendant Hydro Systems

20  International, Inc. ("Hydro"), by and through undersigned counsel, filed for removal of this

21  case to the United States District Court for the District of Arizona, which completes the

22  removal of action number CV2022-010429, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

23  A copy of the Notice of Removal filed in federal court (without exhibits) is attached hereto

24  as Exhibit A.

25         Therefore, Hydro has taken all steps to effect removal of this case, and this Court

26

1  may proceed no further unless and until the case is remanded by Order of the United States

2  District Court.  *See* 28 U.S.C. § 1446(d).

3       Hydro further certifies that Plaintiff has been notified of this removal and served

4  with a copy of the Notice of Removal.

5       RESPECTFULLY SUBMITTED this 7th day of September, 2022.

6                               QUARLES & BRADY LLP

7                               One Renaissance Square
                               Two North Central Avenue

8                               Phoenix, AZ  85004

9

10                         By   */s/ Cale S. Johnson*
                               Benjamin C. Nielsen
                               Cale S. Johnson

11

12                         Attorneys for Defendant Hydro Systems
                         International, Inc.

13

14  **ORIGINAL** of the foregoing efiled and a COPY electronically delivered this 7th day of
September, 2022, to:

15  Hon. Jay Adelman
Maricopa County Superior Court

16

17  **COPY** of the foregoing emailed/mailed this 7th day of September, 2022, to:

18  John E. Charland
The Charland Law Firm, LLC
202 East Earll Drive, Suite 490

19  Phoenix, AZ  85012
litigation@hcarlandlawfirm.com

20  Attorneys for Plaintiff

21

22  */s/ Kim Simmons*

23

24

25

26

**Simmons, Kimberly (PHX x3293)**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Wednesday, September 7, 2022 5:33 PM |
| **To:** | Simmons, Kimberly (PHX x3293) |
| **Subject:** | E-Filing Status: Form Set # 7175155 Delivered |

PLEASE DO NOT REPLY TO THIS EMAIL.

AZTurboCourt Form Set # 7175155 has been DELIVERED to Maricopa County - Superior Court.

You will be notified when your documents have been processed by the court.

You MUST log in and check your filing status online at http://turbocourt.com/ [turbocourt.com].

Here are your filing details:
Case Number: CV2022010429 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)

Case Title: U S A A Casualty Insurance Company Vs. Nuvo Reside

Filed By: Kim Simmons

AZTurboCourt Form Set: #7175155
AOC Submission ID #2446700

Keyword/Matter #:
Delivery Date and Time: Sep 07, 2022 5:32 PM MST

Forms:

Attached Documents:
Notice of Removal to Federal Court: Defendant Hydro Systems International, Inc.'s Notice of Removal
Exhibit/Attachment (Supporting): Exhibit A

Fees Paid:

Total Filing Fees: $0.00
Provider Fee: $6.50
E-Payment Fee: $0.20
Total Amount Paid: $6.70

You MUST log in and check your filing status and the e-service status of this form set online at http://turbocourt.com/ [turbocourt.com].
If you have questions about your filing, please contact AOC Support Services, phone number 602-452-3519 or 1-800-720-7743, or e-mail pasupport@courts.az.gov.
Please have your AZTurboCourt Form Set # and AOC Submission ID available.