CHARLAND LAW FIRM, LLC
202 E. Earll Drive, Suite 490
Phoenix, AZ 85012
(602) 944-7499

John E. Charland, (012089)
litigation@CharlandLawFirm.com

Attorney for USAA CASUALTY
INSURANCE COMPANY as Subrogee of PATRICK MALEY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY as Subrogee of PATRICK MALEY,<br><br>Plaintiff,<br><br>vs.<br><br>NUVO RESIDENTIAL, LLC DBA NUVOH2O, HYDRO SYSTEMS INTERNATIONAL, INC., and DOES 1 to 20, inclusive,<br><br>Defendants. | NO. 2:22-cv-01512-SPL<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>**1. STRICT PRODUCTS LIABILITY - MANUFACTURING DEFECT;**<br><br>**2. STRICT PRODUCTS LIABILITY - DESIGN DEFECT;**<br><br>**3. STRICT PRODUCTS LIABILITY - FAILURE TO WARN;**<br><br>**4. NEGLIGENCE;** |

**COMES NOW** Plaintiff USAA CASUALTY INSURANCE COMPANY (hereafter " PLAINTIFF"), by and through its undersigned counsel of record, hereby complains against DEFENDANTS NUVO RESIDENTIAL, LLC DBA NUVOH2O; HYDRO SYSTEMS INTERNATIONAL, INC.; and DOES 1 to 20, collectively referred to as ("DEFENDANTS") alleges upon information and belief as follows:

**I.**

**PARTIES AND JURISDICTION**

1. Plaintiff, USAA CASUALTY INSURANCE COMPANY ("PLAINTIFF"), is an insurance carrier who is domiciled in Texas, and is fully licensed to do business as an insurance carrier in the State of Arizona.

2. At all times relevant hereto, PLAINTIFF'S insured, PATRICK MALEY (the "INSURED") owned and occupied a residential home located at 9635 N. Rock Ridge Trail, Fountain Hills, Arizona 85268, (hereinafter the "PROPERTY").

3. PLAINTIFF is informed and believes, and on that basis alleges that the DEFENDANT, NUVO RESIDENTIAL, LLC DBA NUVOH2O ("NUVO"), is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business at Freeport Industrial Park, Building Z-13 Unit 15, Clearfield, Utah 84015.  NUVO is in the business of designing, manufacturing, assembling, merchandising, marketing, selling and/or distributing water softener systems. PLAINTIFF further is informed and believes, and based thereon alleges, that said DEFENDANT is, and at all relevant times was, transacting business in Arizona, under the fictitious business name of Nuvo H2O.

4. PLAINTIFF is informed and believes, and on that basis alleges that the DEFENDANT, HYDRO SYSTEMS INTERNATIONAL, INC. ("HYDRO"), is a Connecticut corporation with a principal place of business located at Grassi & Co. 488 Madison Avenue, 21St. Floor, New York, New York 10022. HYDRO is a corporation engaged in the business of designing, manufacturing, assembling, merchandising, marketing, selling and/or distributing component parts for water softening systems, and supplying

component parts to DEFENDANT NUVO for the water softener system purchased by PLAINTIFF's INSURED

5.      PLAINTIFF is informed and believes, and on that basis alleges that DEFENDANTS NUVO and DOES 1 through 10, inclusive, and each of them, were engaged in the business, among other areas, of the design, manufacture, testing, inspecting, assembling, merchandising, marketing, distributing, sale, installation and/or maintenance of water softening systems within the State of Arizona.

6.   DEFENDANT HYDRO and DOES 11 through 20, designed, tested, inspected, assembled, manufactured, sold, distributed, and or placed component parts, including but not necessarily limited to water softener head components for water softener systems within the stream of commerce, and conducts such activities within the State of Arizona.

7.      At all relevant times alleged in this Complaint, and based upon information and belief, DEFENDANTS did and/or are doing business as a designer, manufacturer, assembler, marketer, seller, installer or maintainer, and distributor of consumer products throughout the United States, including the State of Arizona, including but not limited to residential water softening systems and/or their component parts, including the residential water softening system sold and installed at the subject PROPERTY which is the subject of this Complaint.

8.      The true names or capacities, whether individual, corporate, governmental, or associate, or the involvement of any of the DEFENDANTS named herein as DOE are all unknown to PLAINTIFF, who therefore sues said DEFENDANTS by such fictitious names.  PLAINTIFF prays for leave to amend this Complaint to show their true names, capacities, and involvement when the same have been finally determined.  PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as DOE is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or otherwise caused injury and damages to PLAINTIFF, as is hereinafter alleged.

///

9. At all times mentioned herein, each and every one of the DEFENDANTS was the agent, servant, and employee, each of the other, and each was acting within the course and scope of his agency, service, and employment.

10. This action is properly heard in this Court, as the amount in controversy exceeds $75,000 exclusive of interest and costs

11. Venue is proper in this District in that DEFENDANTS regularly, routinely, and continuously conduct business in this District.

12. Jurisdiction and Venue in the United States District Court for the District of Arizona Phoenix Division is proper as it is where the incident and injury to real and personal property occurred, at 9635 North Rock Ridge Trial, Fountain Hills, Arizona.

## II.

## **FACTS**

13. PLAINTIFF realleges paragraphs 1 through 12 as though fully set forth herein.

14. At all times relevant hereto, and prior to August 21, 2020, PLAINTIFF issued a policy of insurance to its INSURED. Said policy covered the PROPERTY, including its structure, and contents, and insured against other losses, and was in effect on August 21, 2020.

15. At all times material hereto, DEFENDANTS NUVO and HYDRO, and Does 1 through 20 inclusive knew and intended that the water softening system, and component water softener head would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said goods would be utilized, including the specific unit type and component parts purchased by the INSURED.

16. On or about August 21, 2020, the PROPERTY was damaged when a NUVO water softening system and HYDRO component head part designed, manufactured, assembled, merchandised, marketed,

distributed, sold, installed and maintained by DEFENDANTS failed, causing substantial water damage to the PROPERTY (the "INCIDENT").

17. PLAINTIFF is informed and believes the water softener system and its components parts were manufactured in or about 2016, approximately four years prior to the date of loss, and the subject water softening system and water softening system head were not materially changed in any way by the INSURED or any other party. PLAINTIFF is informed and believes, that said system and/or water softening system component parts were each defective at the time of leaving the possession of NUVO and that the water softening system head was defective at the time it left the possession of HYDRO.

18. Prior to August 21, 2020, the INSURED, installed, or had installed, at the PROPERTY a Nuvo H2O water softener, that had been designed, tested, inspected, assembled, manufactured, marketed, advertised, sold, distributed, and or placed in the stream of commerce by DEFENDANT NUVO, and DOES 1 through 10, inclusive, and each of them, and contained component parts designed, tested, inspected, assembled, manufactured, sold, distributed, and or placed in the stream of commerce by DEFENDANT HYDRO, and DOES 11-20. The NUVO water softening system was reasonably maintained by the Insured without modification or misuse.

19. The NUVO water softening system was in a utility room on the PROPERTY. Damage to the water softener system head confirmed leaking originating from the water softener unit, and based on information and belief, other reasonable secondary causes of malfunction or water flooding sources were not present.

20. PLAINTIFF is informed and believes that the failure of the water softening system, and its component parts, occurred due to an internal transverse fracture in the plastic head, in the area that separated the vertical portion of the head from the horizontal portion of the head. PLAINTIFF is informed and believes that slow crack growth occurring in the interior of the water softener system head was the final mechanism of failure. PLAINTIFF is informed and believes that the head component of the NUVO

water softener system was designed, manufactured, assembled, merchandised, marketed, distributed, installed, maintained, and/or sold by DEFENDANT HYDRO, and the entire water softener system with the head was designed, tested, inspected, assembled, manufactured, marketed, advertised, sold, distributed, by DEFENDANT NUVO.

21. PLAINTIFF is informed and believes that when the water softener head left the possession of HYDRO, and the water softener system left the possession of NUVO, the water softener head and/or the water softener system were defective and unsafe for their intended purposes in that among other things, the water softener head and the water softener system were so improperly designed, tested, inspected, manufactured or assembled by DEFENDANTS NUTRO and HYDRO, and DOES 1 through 20, inclusive, and each of them so as to allow the head assembly to fracture in a transverse manner as a result of improper design, improper injection molding practice, insufficient strength of materials, choice of materials, and/or insufficiency of materials for the anticipated environment and use to which the water softener head and water softener system would be subjected, which thereby would result in a water loss, such as the water loss that occurred.

22. PLAINTIFF is informed and believes that the water softener head and water softener system were defective in design at the transition where the fracturing to the head occurred. PLAINTIFF is informed and believes that NUVO and HYDRO became aware of manufacturing defects, and/or stress issues in the system head, and failed to make appropriate modifications to the head and/or system.

23. Prior to August 21, 2020, PLAINTIFF's INSURED was unaware of any defect in the water softener system or the water softener system head component

24. At all times PLAINTIFF's INSURED used the water softener system, and the water softener head as part of the system only for the purpose for which each was intended, and in the way in which each was intended to be used.

25. The INCIDENT caused significant damage to the PROPERTY and personal property of the

INSURED. DEFENDANT

26. As a direct and proximate result of DEFENDANTS' acts and omissions, the water softening system ("PRODUCT") and its head ("COMPONENT PART") failed and caused significant damage to PLAINTIFF'S INSURED.

27. The INCIDENT resulted in significant damage to the residence, and its contents, including but not limited to the PROPERTY. PLAINTIFF and the INSURED sustained other losses, including emergency expenses associated with clean-up, demolition, and other payments pursuant to the provisions of the policy.

28. As a direct and proximate result of the foregoing, and pursuant to the terms and conditions of the policy of insurance issued to its insured, PLAINTIFF made payments in an amount in excess of this court's jurisdiction, representing the fair and reasonable value of the damage as a result of the INCIDENT, and seeks recovery of same by virtue of this action.

29. By virtue of the aforesaid payments and pursuant to the terms of the insurance policy, PLAINTIFF is legally, equitably, and contractually subrogated to the rights of its INSURED to the extent of such payments.

### III.

### FIRST CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT)
### Nuvo Residential, LLC,; Hydro Systems International Inc., and DOES 1-20, inclusive.

30. PLAINTIFF realleges paragraphs 1 through 29 as though fully set forth herein.

31. DEFENDANT, NUVO RESIDENTIAL, LLC DBA NUVOH2O; and DOES 1 through 10, inclusive, and each of them, manufactured, constructed, designed, engineered, assembled, packaged, labeled, warranted, distributed, and/or sold the water softener system ("PRODUCT").

32. PLAINTIFF is informed and believes DEFENDANT HYDRO, and DOES 11 through 20, inclusive, and each of them, designed, engineered, tested, inspected, assembled, manufactured, and/or sold the water softener system head ("COMPONENT PART").

33. The water softener system, and the water softener head component part, were defectively designed and/or manufactured such that the PRODUCT and COMPONENT PART failed. The head assembly failed exhibiting a transverse fracture, in the area that separated the vertical portion of the head from the horizontal portion of the head. PLAINTIFF is informed and believes that slow crack growth beginning in the interior of the water softener system head was the final mechanism of failure. The PRODUCT and COMPONENT PART upon information and belief failed as a result of a product defect of improper strength of materials, choice of materials, and/or insufficiency of materials for the anticipated environment, improper injection molding practice, insufficient product safety analysis and review or other misstep in the manufacturing and design process of the water softener system, and/or the water softener component head, with knowledge of the use to which the water softener head and water softener system would be subjected.

34. The PRODUCT and COMPONENT PART were defectively designed and/or manufactured such that the PRODUCT as built, was unable to function as it was designed to function as a water softener system, causing PRODUCT materials to give way to fracture which led to water leakage and flooding. PLAINTIFF alleges on information and belief that the PRODUCT was in the afore-described dangerously defective condition when it left NUVO's control, and the COMPONENT PART was in the afore-described dangerously defective condition when it left HYDRO's control, and, was in said condition at the time the PRODUCT and COMPONENT PART were sold. PLAINTIFF's INSURED was a member of the class of persons that DEFENDANTs should reasonably have foreseen as being subject to the harms caused by the defective condition of the PRODUCT and COMPONENT PART.

35. The PRODUCT and COMPONENT PART were defective and unsafe for its intended or reasonably foreseeable use by reason of the defects in its manufacture.

///

///

36. The PRODUCT and COMPONENT PART was designed, manufactured, and distributed without appropriate application of safety devices and/or engineering to protect against defects and unreasonably dangerous defects of the water softener system and/or the water softener head.

37. Said defects exposed the users of the PRODUCT and COMPONENT PART to serious injury and damages because the DEFENDANTS, and each of them, failed to take reasonable steps to guard and protect the users of the PRODUCT and COMPONENT PART from the aforementioned defects.

38. PLAINTIFF'S INSURED was not aware of said defects at any time prior to the injuries caused by the PRODUCT and COMPONENT PART.

39. At the time of the failure, the PRODUCT and COMPONENT PART were being used in the manner intended by the DEFENDANTS, and in a manner that was reasonably foreseeable by the DEFENDANTS as involving a risk of harm that was not readily apparent to its users.

40. As a proximate result of the said defects of the PRODUCT and COMPONENT PART, PLAINTIFF'S INSURED sustained damages to the PROPERTY and their personal property.

41. As a result of the foregoing, and pursuant to the policy of insurance with its insured, PLAINTIFF was required and did make payments to INSURED and are now subrogated to the rights of INSURED to this extent against DEFENDANTS.

IV.

**SECOND CAUSE OF ACTION**
**(STRICT PRODUCTS LIABILITY – DESIGN DEFECT)**
**Nuvo Residential, LLC,; Hydro Systems International Inc.  and DOES 1-20, inclusive.**

42. PLAINTIFF realleges paragraphs 1 through 41 as though fully set forth herein.

43. DEFENDANTS, NUVO RESIDENTIAL, LLC DBA NUVOH2O, and DOES 1 through 10, inclusive, and each of them, manufactured, constructed, designed, engineered, assembled, distributed, packaged, labeled, warranted, distributed and/or sold the PRODUCT.

44. DEFENDANT HYDRO, and DOES 11-20, inclusive, and each of them, designed, engineered, tested, inspected, assembled, manufactured, and/or sold the water softener system head, COMPONENT PART.

45. The water softener system, and the water softener head component part, were defectively designed and/or manufactured such that the system and its component parts intended to be included in the water softener system were insufficient to prevent failure and fracturing from occurring within the PRODUCT

46. The PRODUCT and the COMPONENT PART was defectively designed and/or manufactured such that the design of the PRODUCT allowed an internal transverse fracture to occur in the location that separated the vertical portion of the head from the horizontal portion of the head, in an area of a sharper transition, resulting in the escape of water and subsequent flooding.

47. The foreseeable risks of injury associated with the PRODUCT's design exceeded the benefits associated with that design, and the reasonable expectations of consumers such as PLAINTIFF's INSURED.

48. The PRODUCT and COMPONENT PART were defective and unsafe for its intended or reasonably foreseeable use by reason of the defects in its design.

49. The PRODUCT and/or COMPONENT PART was designed, manufactured, and distributed without the inclusion of appropriate devices or engineering to protect against a failure occurring in the plastic head located in the housing of the softener system resulting in the escape of water and subsequent flooding.

50. DEFENDANT NUVO and DOES 1 through 10, inclusive, and each of them, failed to design the PRODUCT to protect against a reasonably foreseeable risk of injury, and PLAINTIFF's INSURED was a member of the class of persons that NUVO should reasonably have foreseen as being subject to harm caused by the water softener system.

51. DEFENDANT HYDRO, and DOES 11-20 inclusive, and each of them failed to design, engineer, inspect, manufacture or distribute the COMPONENT PART, water softener system head, in such a way as to protect against a reasonably foreseeable risk of injury. PLAINTIFF's INSURED was a member of the class of persons that DEFENDANTs should reasonably have foreseen as being subject to the harm caused by the water filtration head.

52. Said defects exposed the users of said PRODUCT and incorporated COMPONENT PART to injury and damages because of the failure of DEFENDANTS, and each of them, to properly include devices and/or engineering that would have guarded and protected the users of the PRODUCT from foreseeable risk of harm.

53. PLAINTIFF'S INSURED was not aware of said defects at any time prior to the injuries caused by the PRODUCT.

54. At the time of the failure, the PRODUCT was being used in the manner intended by the DEFENDANTS, and in a manner that was reasonably foreseeable by the DEFENDANTS as involving a risk of harm that was not readily apparent to its users.

55. As a proximate result of the said defects of the PRODUCT, PLAINTIFF'S INSURED sustained damages to the PROPERTY and their personal property.

56. As a result of the foregoing, and pursuant to the policy of insurance with its insureds, PLAINTIFF was required and did make payments to INSURED and are now subrogated to the rights of INSUREDS to this extent against DEFENDANTS.

V.

**THIRD CAUSE OF ACTION**
**(STRICT PRODUCTS LIABILITY – FAILURE TO WARN)**
**Nuvo Residential, LLC, and DOES 1- 10, inclusive.**

57. PLAINTIFF realleges paragraphs 1 through 56 as though fully set forth herein.

58. DEFENDANTS, NUVO RESIDENTIAL, LLC DBA NUVOH2O, and DOES 1 through 10, inclusive, and each of them, manufactured, marketed, packaged, labeled, constructed, tested, inspected warranted, designed, assembled, distributed, and/or sold the defective PRODUCT.

59. DEFENDANT NUVO and DOES 1 through 10, inclusive, and each of them, knew that the PRODUCT was defective when it left the control of NUVO, and that the PRODUCT would be purchased and used without inspection by the consumer for defects.

60. The PRODUCT was defective when it left DEFENDANTS' control. PLAINTIFF's INSURED was a member of the class of persons that DEFENDANTs should reasonably have foreseen as being subject to the harms caused by the PRODUCT.

61. NUVO knew or should have known that the PRODUCT was highly susceptible to failure under expected conditions, and therefore unreasonably dangerous, and that the consumer would not repeatedly replace the water softener system, be aware of the propensity for failure, or inspect the system for cracks, the PRODUCT contained inadequate warnings, and inadequate inspection and testing reporting regarding the results of quality control testing and safety inspections, or lack thereof, concerning its propensity toward fracture and to cause the escape of water and subsequent flooding during its normal and intended use.

62. DEFENDANT NUVO knew, or in the exercise of ordinary care, should have known about the risks associated with the PRODUCT but failed to provide adequate pre-marketing and post-marketing warnings regarding these risks associated with the PRODUCT's use.

63. At the time of the PRODUCT's design, manufacture, and sale, and continuing up to the time of the INCIDENT, the DEFENDANT NUVO and DOES 1 through 10, knew or should have known that the PRODUCT created a risk of injury if it was used in an intended or reasonably foreseeable manner.

64. DEFENDANT NUVO and DOES 1 through 10, inclusive, and each of them, knew that these risks were not readily recognizable to an ordinary consumer. Had PLAINTIFF's INSURED been adequately

12

warned/instructed concerning the likelihood that the water softener system would fail, the INSURED would have taken steps to avoid damages by replacing the water softener system, or by not purchasing a NUVO water softener system.

65. NUVO DEFENDANT and DOES 1 through 10, inclusive, and each of them, failed to provide adequate warnings, instructions, guidelines, or admonitions to members of the consuming public, including PLAINTIFF'S INSURED, of the risks, which the DEFENDANT NUVO knew, or in the exercise of reasonable care should have known, to have existed in the PRODUCT.

66. As a proximate result of DEFENDANT' NUVO's and DOES 1 through 10's failure to warn INSURED, PLAINTIFF'S INSURED sustained damages to the PROPERTY and their personal property.

67. As a result of the foregoing, and pursuant to the policy of insurance with its insureds, PLAINTIFF was required and did make payments to INSURED and are now subrogated to the rights of INSURED to this extent against DEFENDANTS.

## VI.

### FOURTH CAUSE OF ACTION
### (NEGLIGENCE)
**Nuvo Residential, LLC, HYDRO SYSTEMS INTERNATIONAL, INC. and DOES 1-20, inclusive.**

68. PLAINTIFF realleges paragraphs1 through 67 as though fully set forth herein.

69. At all times herein mentioned, DEFENDANT, NUVO RESIDENTIAL, LLC DBA NUVOH2O, and DOES 1 through 10 inclusive, and each of them, had a duty to use reasonable care in the manufacture, development, design, process, production, assembly, building, testing, inspection, warning, equipping, endorsing, exporting, importing, wholesale, retail, installation, maintenance, and sale of said PRODUCT. NUVO owed a duty to PLAINTIFF's INSURED to provide a safe and quality PRODUCT, including the safety and quality of all integrated component parts, and to provide a PRODUCT that would perform as it was intended and expected to perform as a water softener system.

70.     At all times herein mentioned, DEFENDANT NUVO and DOES 1 through 10, inclusive, and each of them, breached such duty by, among other things, negligently carelessly, and recklessly, manufacturing, developing, designing, engineering, processing, producing, assembling, building, testing, inspecting, warning, equipping, endorsing, exporting, importing, wholesaling, retailing, installing, maintaining and selling the subject PRODUCT and it's component parts, which NUVO knew or should have known was defective.  NUVO, and DOES 1 through 10, owed a duty to provide PLAINTIFF's INSURED with information related to the water softener system's reasonable expected life span and information related to defects known, or which should have been known to NUVO, and/or to remove the known defects of the PRODUCT or to remove the defective PRODUCT from the market.  PLAINTIFF'S INSURED was a member of the class of persons that NUVO should reasonably have foreseen as being subject to the harm caused by the water softener system head's defective condition.

71. DEFENDANT, HYDRO SYSTEMS INTERNATIONAL INC. and DOES 11-20, inclusive and each of them had a duty to use reasonable care in the design, engineering, manufacture, testing, inspection, fabrication, assembly, sale, and/or distribution of the HYDRO water softener head, integrated into the NUVO water softener systems, and breached those enumerated duties by carelessly, negligently and recklessly designing, manufacturing and selling the COMPONENT PART in a manner not reasonably safe for the ordinary and intended use of the COMPONENT PART.  PLAINTIFF'S INSURED was a member of the class of persons that HYDRO should reasonably have foreseen as being subject to the harm caused by the water softener system head's defective condition.

72.  Upon information and belief, HYDRO and DOES 11 through 20 breached their duty of reasonable care in not taking measures to remove and/or correct known defects, or dangers presented in the integration of the HYDRO water softener head with the NUVO water softener system, upon learning of product failures.

73.     As a direct and proximate result of the breach of duty of NUVO and HYDRO, and DOES 1

through 20, PLAINTIFF'S INSUREDS suffered injuries and damages as hereafter described.  DEFENDANTS and DOES 1 through 20, inclusive, and each of them, acted unreasonably in manufacturing, developing, designing, processing, producing, assembling, building, testing, inspecting, warning, equipping, endorsing, exporting, importing, wholesaling, installation, maintenance, selling and marketing the PRODUCT and the COMPONENT PART which presented a substantial and unreasonable risk of injury.

74. The negligence of DEFENDANTS and DOES 1 through 20, inclusive, and each of them, was a substantial factor and proximate cause resulting in the injuries herein alleged and PLAINTIFF'S damages.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as to each cause of action as follows:

(a) For general and compensatory damages according to proof;

(b) For prejudgment interest according to proof;

(c) For its costs and disbursements incurred herein, including fees as allowed by law; and

(d) For such other and further relief as to the Court may deem just and proper.

RESPECTFULLY SUBMITTED this _____ day of _____, 2022.

CHARLAND LAW FIRM, LLC

/s/ *John Charland*_____
John E. Charland, Esq.
202 East Earll Drive, Suite 490
Phoenix, AZ 85012
Attorney for Plaintiff USAA Casualty
Insurance Company as a Subrogee of Patrick Maley

I hereby certify that on October 4, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

Copy of the foregoing emailed this
4th day of October, 2022, to:

15

| | |
|---|---|
| 1 | Cale S. Johnson, Esq. |
| 2 | Benjamin C. Nielsen, Esq.<br>QUARLES & BRADY, LLP |
| 3 | One Renaissance Square<br>Two North Central Avenue, Suite 600 |
| 4 | Phoenix, AZ 85004 |
| 5 | Cale.johnson@quarles.com<br>Benjamin.nielsen@quarles.com |
| 6 | Attorney for Defendant Hydro Systems International, Inc. |
| 7 | Louis Horowitz, Esq. |
| 8 | William C. Nelson, Esq.<br>LORBER, GREENFIELD & POLITO, LLP |
| 9 | 3930 E. Ray Road, Suite 260<br>Phoenix, AZ 85044 |
| 10 | LHorowitz@lorberlaw.com |
| 11 | wnelson@lorberlaw.com<br>Attorney for Defendant Nuvo Residential, LLC |
| 12 | |
| 13 | /s/ *Caroline Veltman*<br><sub>amendedcm.104</sub> |

16